

**SO ORDERED.**

**SIGNED this 07th day of May, 2010.**

_____

             **LEIF M. CLARK**
      **UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| NORMAN LOHR BANGLE, JR. | 09-53298-C |
| *DEBTOR* | CHAPTER 7 |
| CNH CAPITAL AMERICA, LLC | |
| *PLAINTIFF* | |
| V. | ADV. NO. 10-5010-C |
| NORMAN LOHR BANGLE, JR. | |
| *DEFENDANT* | |

### DECISION AND ORDER ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

CAME ON for consideration the motion of defendant to dismiss for failure to state a claim.

The court sustains the motion in part, and denies the motion in part.

### Background

According to the plaintiff's complaint, Bangle owned or operated a company, CR23, LLC,

which was in a business that called for the acquisition of agricultural and construction equipment.

Bangle was also, either individually or through other entities, also the owner of various pieces of

equipment that were subject to preexisting liens. In December 2006, CR23 arranged for the purchase

of some equipment from a dealer, Diamond Equipment. Diamond in turn was acquiring the items

from various sources, some of which were Bangle-owned or controlled. CR23 obtained financing

from CNH for the acquisition of the items, under four retail installment contracts. Under the terms

of the loan to CR23, CNH wire transferred $3 million to Diamond. Some of these funds were then

disbursed by Diamond to pre-existing lienholders on the equipment being purchased. However, it

is alleged that Bangle then instructed Diamond to wire transfer $1,018,000 on December 15, 2006

to Bangle's personal bank account at Plains State Bank, with the representation that Bangle would

use those funds to pay off pre-existing liens on some of the items of equipment being purchased by

CR23. $980,000 of those funds was then used for purposes other than to pay off pre-existing liens

on property being acquired by CR23 (property on which CNH expected to receive a valid purchase

money security interest). CNH describes this as embezzlement, stating that "[Bangle] deposited the

funds advanced by CNH Capital into his own personal account. The disbursal or use of those funds

by Defendant was without any purpose related to the paying off of pre-existing liens." Amended

Complaint, at ¶ 15. CNH also claims that the funds procured by Bangle (who was a guarantor of the

debts owed to CNH) were so procured by fraud.

The defendant contends in his motion that the plaintiff has failed to state a claim for which

relief can be granted. As to the embezzlement cause of action, defendant says that plaintiff has not

pleaded any facts that would create a fiduciary relationship between the parties, and that the facts

as alleged to do not constitute embezzlement under section 523(a)(4). The defendant next complains

that the complaint is not clear whether it is brought under subsection (A) or (B) of section 523(a)(2)

of the Code. He adds that the complaint is short on factual detail sufficient to support a fraud action

under section 523(a)(2). The plaintiff responded to the motion, contending that the defendant first

misapprehends the meaning of the statutory language in section 523(a)(4), to wit, it is unnecessary

to plead fiduciary relationship when alleging embezzlement. CNH adds that it has in fact alleged

facts sufficient to support a claim for embezzlement, as well as facts sufficient to support a claim

under section 523(a)(2).

**Analysis**

The Supreme Court has spoken recently regarding Rule 12(b)(6). In *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Court stated that Rule 8 requires only a short

and plain statement of the claim showing that the pleader is entitled to relief in order to give the

defendant fair notice of what the claim is and the grounds upon which it rests. *Id.*, 127 S.Ct., at 1964

(internal quotations and citations omitted). When such a complaint is attacked under Rule 12(b)(6),

the plaintiff is obligated, with regard to "the grounds upon which the complaint rests," to furnish

more than labels and conclusions. Formulaic recitations of the elements of the cause of action will

not do. *Id.*, at 1965. Factual allegations must be enough to raise a right to relief above the speculative

level, and must do more than simply create a suspicion of a legally cognizable right of action. *Id.*

The Court further explained that "asking for plausible grounds to infer [the existence of an element

of a cause of action] does not impose a plausibility requirement at the pleading stage; it simply calls

for enough fact to raise a reasonable expectation that discovery will reveal evidence [of that

element]. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of those facts is improbable." *Id.* In support of this approach, the Court observed that

"something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a

largelyk groundless claim be allowed to take up the time of a number of other people, with the right

to do so representing an *in terrorem* increment of the settlement value. ... When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id*. (internal citations and quotations omitted).

The Court in *Twombly* was dealing with a complaint under the Sherman Antitrust Act, suits that can, of course, be time consuming and expensive. The same policy considerations animate our consideration of dischargeability complaints as well, given that the defendant is a debtor who has just recently surrendered all but his exempt assets, and whose financial condition was such that it led to a bankruptcy filing. Such defendants are usually woefully short of the resources required to engage in extensive or expensive litigation. If a complaint objecting to dischargeability lacks the legal legs to stand on, then it ought to be shown the door sooner rather than later.

With these thoughts in mind, we turn to the merits of the motion to dismiss.

The plaintiff is right in responding to the first contention – there is no need to demonstrate the existence of a fiduciary relationship as an element of a cause of action for nondischargeability by reason of embezzlement. *See* RESNICK & SOMMER, 4 COLLIER ON BANKRUPTCY, ¶ 4-523.10[2] (LexisNexis 2009).

The plaintiff is also correct in responding to the third contention – so long as the facts alleged would support a claim under section 523(a)(2)(A) or (B), it is unnecessary to plead the law under which the complaint seeks relief. The standards of Rule 8 are that the complaint must plead a set of *facts* to support a claim of entitlement. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 101-102 (1957). In this case, the amended complaint does plead a set of facts that would support a right of recovery under at least one subsection of section 523(a)(2). The defendant is alleged to have made misrepresentations of a material fact (including a misrepresentation of his intentions with regard to

the disposition and use of loan proceeds), upon which it is alleged that the plaintiff justifiably relied to its detriment, resulting in damages. The misrepresentation had to do with what the defendant and his company, CR23, would do with loan proceeds – pay off preexisting liens on equipment acquired so that CNH would be able to have a first and prior purchase money security interest. The facts as alleged are that Bangler knew, when he made this representation, that it was false, and that he in fact had no intention of so using the loan proceeds, but instead intended to use proceeds for his own benefit, with the result that pre-existing loans were *not* retired, to the detriment of CNH. It is unnecessary for CNH to add "therefore the claim of CNH is nondischargeable pursuant to ..."

The second allegation of the defendant has merit, however. For there to be an embezzlement, there must be an appropriation of the plaintiff's property. *See Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1173 (6th Cir. 1996) ("a creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud"); *Rainey v. Davenport (In re Davenport)*, 353 B.R. 150, 199-200 (Bankr. S.D.Tex. 2006) (to appropriate means to exercise control over or to take possession of property of another); *see also Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998) (embezzlement is a fraudulent appropriation of property of a person to whom such property has been entrusted, or into whose hands it has lawfully come). The facts in this case, as clearly alleged by plaintiff, are that CNH *loaned* money to CR23. At the point of funding, the loan proceeds were no longer property of CNH. They became the property of CR23. Indeed, according to the amended complaint, Bangle is alleged to have directed *Diamond Equipment* to redirect loan proceeds to his bank. There could not, on these facts, have been an appropriation of CNH's property, because the monies in question were no longer property of CNH. Without an appropriation, there also could not be an embezzlement.

**Conclusion**

For the reasons stated, the motion to dismiss is granted as to the plaintiff's cause of action

for embezzlement under section 523(a)(4). The motion to dismiss the cause of action under section

523(a)(2) is denied. The balance of the complaint stands.

# # #